UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| YOUSSEF HADDADI,<br>　　　Plaintiff,<br><br>v.<br><br>RYAN SHAUGHNESSY, and<br>RASIER, LLC,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 1:26-cv-13204 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1442, and 1446, Defendant Rasier, LLC ("Rasier") hereby gives notice of the removal of this action that is currently pending in the Superior Court of Massachusetts in Suffolk County, captioned *Youssef Haddadi v. Ryan Shaughnessy, et al.*, Civil Action No. 2684CV01447, to the United States District Court for the District of Massachusetts. As grounds for removal, Rasier states as follows:

1. Rasier removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S. C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states").

## BACKGROUND

1. On May 15, 2026, Plaintiff filed a complaint (the "Complaint") in the Suffolk County Superior Court naming Rasier as a defendant, among others. Plaintiff's Complaint and accompanying Civil Action Cover Sheet is attached hereto as **Exhibit A**.

2.    In his Complaint, Plaintiff alleges that he sustained injuries on March 11, 2025, when he was struck by the vehicle that Defendant Ryan Shaughnessy ("Shaughnessy") was operating (the "Incident") directly behind Plaintiff's vehicle.  Exhibit A, ¶ 6.

3.    Plaintiff alleges that, at the time of the Incident, Rasier was Shaughnessy's employer and/or contractor, and Shaughnessy was acting in the scope of his employment.  Exhibit A, ¶¶ 11-12.[1]

4.    Plaintiff alleges that he sustained injuries and asserts a negligence claim against Rasier. Exhibit A, ¶¶ 13-16.

5.    In his Civil Action Cover Sheet, Plaintiff alleges $62,602.78 in special damages.  Exhibit A.

### TIMELINESS OF REMOVAL

6.    Rasier was served with Plaintiff's Complaint on or about June 23, 2026.

7.    This Notice of Removal is timely because it is filed within thirty (30) days after the receipt by Rasier, through service or otherwise, of a copy of Plaintiff's Complaint.  *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 334, 348 (1999) (removal period triggered by service).

### DIVERSITY OF CITIZENSHIP

8.    Complete diversity of citizenship exists in this matter because Defendants are citizens of different states than Plaintiff.  *See* 28 U.S.C. § 1332(a).

---

[1] Rasier disputes Plaintiff's allegations and anticipates advancing significant legal arguments before the Court.  Specifically, Rasier contends that Shaughnessy was an independent contractor and, as such, Rasier is not vicariously liable for his alleged actions.  See Chase v. Indep. Practice Ass'n, 31 Mass. App. Ct. 661, 665 (1991) ("[t]he right to control an agent's activities has been the guiding principle in deciding cases involving an assertion of vicarious liability against the agent's principle" (internal quotation marks omitted)).

9.      Plaintiff alleges that he is an individual residing in Somerville, Massachusetts.  Exhibit A, ¶ 1.  Thus, for purposes of determining whether diversity jurisdiction exists, Plaintiff is a citizen of Massachusetts.

10.     At the time of the filing of the Complaint, Rasier, LLC was, and currently is, a foreign limited liability company organized under the laws of Delaware, with its principal place of business located in San Francisco, California.  Exhibit A, ¶ 3.  Thus, for purposes of determining whether diversity jurisdiction exists, Rasier is a citizen of Delaware and California.

11.     In his Complaint, Plaintiff alleges that Shaughnessy resides in Florida.  Exhibit A, ¶ 2. Thus, for purposes of determining whether diversity jurisdiction exists, Shaughnessy is a citizen of Florida.

12.     Upon information and belief, Plaintiff has not served Shaughnessy with the Complaint.

13.     As none of the named defendants are a citizen of Massachusetts, there is complete diversity between Plaintiff and Defendants in this action because Plaintiff is a citizen of the Commonwealth of Massachusetts and Defendants are not citizens of the Commonwealth of Massachusetts.  *See* U.S.C. § 1332(a)(1); *see also Rizzi v. 178 Lowell St. Operating Co., LLC*, 180 F. Supp. 3d 66, 67 (D. Mass. 2016) ("diversity jurisdiction requires complete diversity between the plaintiffs and the defendants in an action" (internal quotation marks omitted)).

## **AMOUNT IN CONTROVERSY**

14.     Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

15. Plaintiff's allegations create a reasonable expectation that the amount in controversy will exceed the minimum $75,000.00 required to meet the jurisdictional threshold. *See* 28 U.S.C. § 1332.

16. Plaintiff alleges damages in the amount of $62,602.78, exclusive of interest and costs. The Complaint also includes claims for additional categories of damages, including disability, disfigurement, loss of capacity, for the enjoyment of life, and loss of ability to earn money, none of which have been quantified yet. Plaintiff further alleges, in his Civil Action Coversheet, that his injuries are permanent. It is expected that these additional damages would be worth an additional $13,000 or more. *See Solimino v. Target Corp.*, No. 1:21-cv-11435-TT, 2021 U.S. Dist. LEXIS 198906, at *7-8 (D. Mass. Oct. 15, 2021) (finding reasonable probability that amount in controversy is satisfied where plaintiff claimed $53,824.49 in medical expenses, lost wages, and compensation, and is seeking unspecified damages for pain and suffering). Thus, the amount in controversy exceeds $75,000.

17. The injuries that Plaintiff alleges he sustained, the treatment received, and his statements that his alleged injuries are permanent are sufficient to establish a reasonable probability that the amount in controversy exceeds $75,000.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

18. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Rasier is filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

19. Pursuant to 28 U.S.C. § 1446(a), Rasier has attached all process, pleadings, and orders that have been filed or served by Plaintiff, and filed, served, or received by Rasier in this action.

20. Pursuant to U.S.C. § 1391, venue is proper in the United States District Court for the District of Massachusetts as the Complaint in this action was filed in the Massachusetts

Superior Court for Suffolk County.

21. Rasier will give written notice of the filing of this Notice of Removal to all other parties, and will file a copy of this Notie of Removal with the Clerk of the Suffolk County Superior Court, as required by 28 U.S.C. § 1446(d).

22. In removing this action, Rasier does not intend to waive any rights or defenses which it is otherwise entitled to under the Federal Rules of Civil Procedure or applicable state or federal law.

23. Based upon the record submitted with this Notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

**WHEREFORE**, Rasier respectfully requests that this action proceed in the United States District Court for the District of Massachusetts as an action properly removed from state court.

Respectfully submitted,

DEFENDANT RASIER, LLC

By its attorneys,

*/s/ Layth H. Hert*

Christopher G. Betke (BBO #552588)
Layth H. Hert (BBO #713200)
COUGHLIN BETKE LLP
One Federal Street
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com
lhert@coughlinbetke.com

Date: July 13, 2026

5

## <u>CERTIFICATE OF SERVICE</u>

I, Layth H. Hert, do hereby certify that on this 13th day of July, 2026, I served a copy of the foregoing document on all counsel of record via e-mail.

Collin W. Manning
MORGAN & MORGAN
155 Federal Street, Suite 1502
Boston, MA 02110
(617) 912-7139
collin.manning@forthepeople.com
*Counsel for Plaintiff Youssef Haddadi*

*/s/ Layth H. Hert*
Layth H. Hert
